IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD JOHNSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-00764 |
| | : | |
| v. | : | |
| | : | |
| JOSE CORDERIO, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND MEMORANDUM

AND NOW, this ___ day of June, 2007, upon consideration of Defendant The National Railroad Passenger Services' ("Amtrak") Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and the Plaintiff Richard Johnson's response in opposition thereto, and in light of oral argument on the matter at a hearing on June 11, 2007, it is hereby ORDERED that the motion is GRANTED for the reasons that follow.  The above-captioned matter is DISMISSED WITH PREJUDICE as to all Defendants and on all counts.

The issue raised and determined by the court is whether Plaintiff's claims are precluded by prior cases brought by Plaintiff in this court.  The court finds that Plaintiff's claims are barred under the doctrine of claim preclusion.

**1.     Procedural History**

This is the fourth action that Plaintiff has filed in this court.  Plaintiff, pro se, filed the first action, Johnson v. US Equity, No. 98-cv-02333, against Defendants US Equity and "Amtrack," or Amtrak, on May 4, 1998, before Judge Robert F. Kelly.  Plaintiff brought claims

under the Sherman Act, Clayton Act, civil rights violations, Fourteenth Amendment due process rights violations, breach of contract, conversion, and wrongful interference with contract. Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(B)(6) and 12(B)(5), on the basis that it was improperly served and failure to state claims upon which relief could be granted. On September 30, 1998, Judge Kelly dismissed Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(B)(6) and 12(B)(5).

Plaintiff filed a Complaint pro se in the second action, Johnson v. US Equity Realty Inc., No. 00-cv-01594, on March 28, 2000, which was never served, and an Amended Complaint on July 14, 2000 against Defendants US Equity Realty, The National Railroad Passenger Services, and Amtrak 30th Street Station a/k/a 30th Street Market. In the Amended Complaint, Plaintiff asserted claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. The court described Plaintiff's claims as follows:

> The essence of Plaintiff's current Amended Complaint appears to be that he had a shoe shine service at 30th Street Station in Philadelphia, Pennsylvania; that he had a lease that was terminated on March 14, 1997; that he had to make lease/rental payments because of threats of lease cancellation in December of 1996, and was also noticed with cancellation in January, February and March of 1997; that he received letters of default "requesting payment of rents on dates not with the lease agreement"; that he was told he had not paid his November and December 1996 rents but he stated that he was up to date; that the shoe shine service at 30th Street Station was subsequently operated by Amtrak or some third party with which Amtrak and/or Amtrak's agents allegedly merged; that this new service operated from a different space, a space that Plaintiff allegedly had previously requested during the period of his lease; that Plaintiff was told that there was someone from New York who could pay more money for the shoeshine location; and Plaintiff alleges that he was placed in default on January 10, 1997.
>
> The Amended Complaint also alleges that Plaintiff was hired by [US Equity Realty] for a job for Amtrak's police in September, 1996, and was paid in November with a post-dated check. He also claims that it was misrepresented to him that someone else was the private owner of his shoeshine stand, although he

> had allegedly acquired this sight [sic] at 30th Street Station as a result of abandonment.

Richard Johnson Honey Shoe Shine Express Servs. v. U.S. Equity Realty, Inc., 125 F. Supp. 2d 695, 697-98 (E.D. Pa. 2000) (citations omitted).

On December 6, 2000, Judge Kelly dismissed the Amended Complaint, finding that it involved the same operative facts as the Complaint in the first action and that Plaintiff's claims were barred by claim preclusion. Id. at 698-99. The court also found that a Philadelphia Municipal Court Judgment between the same parties, Johnson v. U.S. Equities Realty, Inc., Philadelphia Municipal Court, Statement of Claim 99051 2133, precluded Plaintiff's claims in federal court. U.S. Equity Realty, 125 F. Supp. 2d at 699. The court concluded that "any claims for the same payment of monies, based on the same facts, under whatever legal theory, are barred if they could have been raised before the Municipal Court," and that this applied to at least Plaintiff's state law claims. Id.

The third action, Johnson v. Cordeiro, No. 03-cv-00028, was filed pro se on January 3, 2003 before Judge Legrome D. Davis. Plaintiff claimed that the sole defendant in the case, Jose Ribamar Cordeiro, had joined in a conspiracy "to operate an illegal enterprise located at Amtrak's 30th Street Station, in violation of Plaintiff's rights under the Fifth Amendment of the U.S. Constitution." Judge Davis found that Cordeiro's shoeshine stand at 30th Street Station was validly and legally rented and operated and that Plaintiff never had a contract with Amtrak but had assumed the role of shoe shiner at 30th Street Station because the booth in the station was abandoned. Judge Davis dismissed the case with prejudice on August 15, 2003 because of lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and the claim was barred by the applicable statute of limitations.

Plaintiff, pro se, filed the fourth and present action, Johnson v. Corderio, No. 07-cv-00764, on February 26, 2007, against Defendants Jose Corderio (the correct spelling is Cordeiro), Phonix [sic] Shoe Shine, US Equity Realty Inc., and The National Railroad Passenger Services a/k/a Amtrak 30th Street Station Market ("Amtrak"). He alleges violations of RICO, due process violations under the Fifth and Fourteenth Amendments, wrongful interference with contract, conversion, and violations of the Federal Tort Claims Act. He claims that Defendants conspired to deprive unlawfully him of his shoe shine business at 30th Street Station, deprived him of his business through extortion by billing him for rent he avers he did not owe, and illegally operated a shoe shine business without a proper license.

Defendant Cordeiro answered pro se on April 24, 2007, arguing that Plaintiff's claims were precluded, and Defendant Amtrak filed a motion for extension of time to file an answer, which the court granted. On April 26, 2007, the court ordered Plaintiff to show cause at a hearing why the matter should not be dismissed for claim preclusion by res judicata and specifically why this matter is not precluded by the above described cases. The show cause hearing was held on June 11, 2007. At the hearing, Defendant Amtrak presented a Motion to Dismiss. Plaintiff argued in opposition to the Motion to Dismiss.

**2.    Discussion**

For claim preclusion, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991), cert. denied, 506 U.S. 864 (1992); see U.S. Equity Realty, 125 F. Supp. 2d at 698. The

plaintiff is required to "present in one suit all claims for relief that he may have arising out of the same transaction or occurrence." Lubrizol Corp., 929 F.2d at 963. The doctrine of claim preclusion is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes, and seeks to avoid the expense and vexation of multiple lawsuits, while conserving judicial resources and fostering reliance on judicial action by minimizing the possibility of inconsistent decisions." Equal Employment Opportunity Comm'n v. U.S. Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990) (citation and quotation omitted).

To determine if the same cause of action is involved, courts examine the "essential similarity of the underlying events giving rise to the various legal claims." Lubrizol Corp., 929 F.2d at 963 (citation omitted). Courts examine "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Id. (citation omitted). The attempted assertion of new legal theories of recovery does not defeat claim preclusion where there is similarity of the underlying events. Id.

Plaintiff argues that his claims are not precluded because he contends that the prior judgments were not on the merits and therefore not final. Plaintiff fundamentally misunderstands the law. It is incontestable that there were final judgments in all three prior actions. See, e.g., Restatement (Second) of Judgments § 27 cmt. d (1982) (explaining that an issue submitted and determined "on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment . . . , a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict" is actually litigated and constitutes a final judgment for preclusion purposes). Defendants Cordeiro and Phoenix Shoe Shine were

named in at least one of the prior actions, Defendants US Equity Realty Inc. and Amtrak were named in at least two of the prior actions, and Plaintiff is the same in all four.

Plaintiff argues that his claims in this fourth action should not be precluded because he presents new legal theories under RICO. It is clear, however, that Plaintiff has presented RICO claims before, notably in the second action described above, in which Judge Kelly specifically addressed Plaintiff's RICO claims in finding that his claims were precluded and granting defendants' motion to dismiss. See U.S. Equity Realty, 125 F. Supp. 2d at 698-99. All or most of Plaintiff's other claims were raised in the prior actions. Furthermore, even if a new legal theory were presented, Plaintiff's claims still would be precluded because of the underlying similarities between this fourth action and the prior three actions. See Lubrizol Corp., 929 F.2d at 963. The central underlying acts complained of and materials facts alleged in Plaintiff's Complaint are the same as those in the prior three actions, as well as the Municipal Court action. See U.S. Equity Realty, 125 F. Supp. 2d at 698-99. All four actions would require presenting the same witnesses and documentation to prove the allegations. See id.

Additionally, Plaintiff's claims are barred by the applicable ten-year statute of limitations under RICO, 18 U.S.C. § 1961(5). Plaintiff admits that he discovered the evidence upon which his claims are based in March of 1996, and that he filed the present case on February 26, 2007. Plaintiff's RICO claims are clearly untimely filed and time-barred.

Because all of Plaintiff's claims in this action are precluded, Defendant Amtrak's motion to dismiss is granted as to all Defendants and on all counts. Plaintiff may not file another action in this court against any defendant he has named in prior actions for claims arising out of the

same underlying acts and events.  Plaintiff must accept the rule of law and the finality of judgment of this court.

BY THE COURT:

S/ James T. Giles<br>J.